# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 17 B 26657 |
| Patrick Willingham, ) | HON. JACQUELINE P. COX |
| ) | CHAPTER 13 |
| Debtor. ) | |

## NOTICE OF MOTION

TO: Tom Vaughn, Chapter 13 Trustee, 55 E. Monroe St. STE 3850, Chicago, IL 60603, via electronic court notification;

Honor Finance, c/o Westlake Portfolio Management, 4751 Wilshire Blvd, Los Angeles CA 90010-3827, via certified mail;

Honor Finance, 909 Davis St Ste 260, Evanston, IL 60201-3645, via certified mail;

Anna Valencia, City Clerk, 121 N. LaSalle Street, Room 107, Chicago, IL 60602, via certified mail.

Please take notice that on January 6, 2020, at 9:00 a.m., I shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 in the Federal Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois and present the attached Motion and you may appear if you so choose.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he served both trustees via the court's CM/ECF, by mailing a copy of this notice and motion to the above named addressed, with postage prepaid, from the mail chute located at 20 S. Clark St., Chicago, IL 60603, on January 2, 2020.

/s/ Steve Miljus
Attorney for Debtor
The Semrad Law Firm, LLC
20 S. Clark Street 28th Floor
(312) 913-0625

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 17 B 26657 |
| Patrick Willingham, ) | HON. JACQUELINE P. COX |
| ) | CHAPTER 13 |
| Debtor. ) | |

## DEBTOR'S MOTION FOR SANCTIONS PURSUANT TO 11 U.S.C. § 362(k)

NOW COMES Debtor, Patrick Willingham, by and through Debtor's attorneys, The Semrad Law Firm, LLC, and moves this Honorable Court to award Damages to Debtor pursuant to 11 U.S.C § 362(k) against Honor Finance. In so moving, Debtor states as follows:

1. Debtor respectfully requests that this motion be heard on short notice.

2. Debtor filed a petition for relief pursuant to Chapter 13 Title 11 U.S.C., on September 6, 2017.

3. Debtor's vehicle was repossessed by Honor Finance following the bankruptcy filing of the instant case.

4. Debtor's vehicle was repossessed by Honor Finance on December 16, 2019.

5. On December 16, 2019, Debtor's counsel sent Notice of Filing to Honor Finance via fax as well as demand letter requiring the release of Debtor's vehicle.

6. On December 16, 2019, Debtor's counsel attempted to reach Honor Finance; however, Debtor's counsel was unable to contact the Creditor.

7. On December 18, 2019, Debtor's counsel was informed that the Debtor had been contacted by Honor Finance and notified that the repossession of

Document      Page 3 of 5

the vehicle was a result of a system error. The Debtor was ensured his vehicle would be released immediately and provided all required contact information to facilitate the release procedure.

8. On December 18, 2019, Debtor's counsel attempted to reach Honor Finance; however, Debtor's counsel was unable to contact the Creditor.

9. On December 20, 2019, the Debtor was in contact with Honor Finance and was informed repeatedly that the vehicle is to be released.

10. On December 20, 2019, Debtor's counsel attempted to reach Honor Finance; however, Debtor's counsel was unable to contact the Creditor.

11. Due to the repossession of the vehicle, Debtor was unable to reach his plan of employment as well as was forced to restrict any personal activity during the holiday season. Debtor needs the vehicle for transportation to and from work.

12. To date Debtor has yet to have the vehicle released.

13. That this is the second occasion of repossession of Debtor's vehicle by Honor Finance due a system error in the proceedings of the instant bankruptcy case.

14. The Bankruptcy Code requires that, once a debtor files for bankruptcy protection, "a creditor immediately return a seized asset in which a debtor has an equity interest to the debtor's estate…." Thompson, 566 F.3d at 700 (emphasis added). Section 542(a) of the Bankruptcy Code mandates that "turnover of a seized asset is compulsory." Id. at 704. "The failure to fulfill this duty, regardless of whether the original seizure was lawful,

constitutes a prohibited attempt to 'exercise control over property of the estate' in violation of the automatic stay." Knaus v. Concordia Lumber Co., Inc. (In Re Knaus), 889 F.2d 773, 775 (8th Cir.1989).

15. The automatic stay prevents pre-petition creditors from taking any action to collect their debts. *In re Radcliffe*, 563 F.3d 627, 630 (C.A.7 2009).

16. Pursuant to § 362(k), Debtor is entitled to actual damages from Honor Finance willful stay violation in the amount to be proven up.

17. The Bankruptcy Court for the Northern District of Illinois has found that punitive damages are appropriate to penalize creditors for willful violations of the automatic stay. *In re Sumpter*, 171 B.R. 835, 845 (Bkrtcy.N.D.Ill.1994).

18. In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of Bankruptcy law and procedure. *In re Sumpter*, at 845 (citing *In re M.J. Shoearama*, 137 B.R. 182 (Bankr.W.D.Pa.1992).

19. Debtor respectfully requests this Honorable Court to enter an order requiring Honor Finance to pay the Debtor in punitive damages in the amount to be proven up.

20. Honor Finance likely has the ability to pay punitive damages.

21. The motive of Honor Finance after being given notice was to continue to act to collect a debt that arose pre-petition, in complete disregard of the

      automatic stay.

22.    Debtor did nothing to provoke Honor Finance to continue to hold the vehicle.

WHEREFORE, Debtor, prays this Honorable Court for the following relief:

    A. That Honor Finance be ordered to release Debtor's vehicle;

    B. That Honor Finance shall pay damages to the Debtor, in the amount to be proven up;

    C. For any and all other relief this Court deems just and fair.

Respectfully Submitted,

    /s/ Steve Miljus
    Attorney for Debtor
    The Semrad Law Firm, LLC
    20 S. Clark Street, 28th Floor
    Chicago, IL 60603
    (312) 913-0625